IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTINITA WILLIAMS                                                                      PLAINTIFF

v.                              Case No. 4:11-cv-744-KGB

CHICK-FIL-A, INC. and
BOB PAINE                                                                              DEFENDANTS

## ORDER

By Order dated September 18, 2012, the Court granted Mr. Luther Sutter's request to withdraw as counsel for plaintiff Antinita Williams (Dkt. No. 12). In that Order, the Court directed Ms. Williams to inform the Court regarding the status of this case by November 18, 2012. To date, Ms. Williams has not filed a report or otherwise communicated with the Court. Ms. Williams's address does not appear in the Court's records, and the Court cannot be certain that Ms. Williams received a copy of the Order dated September 18, 2012. The Court has received from counsel for defendant Bob Paine the last known address for Ms. Williams, which the Court has provided to the Clerk of Court.

The Clerk of Court is directed to send to Ms. Williams *via certified mail/return receipt requested* a copy of this Order and the Order dated September 18, 2012. Ms. Williams shall have until February 15, 2013, to inform the Court of the status of this case. Before responding, Ms. Williams is directed to take notice of Local Rule 5.5(c)(2), which provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and other parties to the proceedings of any changes in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Further, the record indicates that Ms. Williams alleges that she was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq*. Ms. Williams also brings claims pursuant to 42 U.S.C. § 1981 and the Arkansas Civil Rights Act. Ms. Williams should be aware that the practical effect of a dismissal without prejudice in this case may be a dismissal of her claims with prejudice, at least as to her Title VII claims.

Arkansas has a savings statute that entitles a party to refile a cause of action within one year after a dismissal without prejudice. Ark. Code Ann. § 16-56-126. However, that statute does not apply to extend the limitations period for Title VII claims, which are governed by a specific federal statute of limitations. *See Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983). Thus, in Title VII cases, a dismissal without prejudice does not toll the 90-day period to file suit. *Gatlin v. Missouri Pac. R. Co.*, 631 F.2d 551, 554 (8th Cir. 1980) ("[A] dismissal without prejudice leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed was pending.").

Ms. Williams is directed to file a response to this Order by February 15, 2013, therein also responding to the Court's Order dated September 18, 2012. If Ms. Williams fails to comply with the Court's Orders, her case may be dismissed without prejudice pursuant to Local Rule 5.5(c)(2).

SO ORDERED this the 9th day of January, 2013.

_____
Kristine G. Baker
United States District Judge